UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBIE JO NORRIS and RICHARD
MORTON,

    Plaintiffs,

v.                                          Case No: 8:14-cv-810-T-36MAP

RICKERT PROPERTIES, INC., WAYNE
RICKERT and SCOTT RICKERT,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court upon the Parties' Joint Motion to Approve FLSA Settlement and Dismiss Matter with Prejudice (Doc. 40). The Court, having considered the motion and being fully advised in the premises, will now DENY, without prejudice, the Motion to Approve FLSA Settlement and Dismiss Matter with Prejudice.

## I. BACKGROUND

Between November 2011 and June 2013, Plaintiffs Bobbie Jo Norris and Richard Morton (collectively, "Plaintiffs") were employed as Property Managers by Defendants. Plaintiffs brought this action in April 2014 alleging, *inter alia*, that they had been denied overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"). Doc. 2. The parties have apparently agreed to settle the dispute, with each plaintiff receiving a total of $2,500.00 ($1,250.00 in unpaid overtime wages and $1,250.00 in liquidated damages), and Plaintiffs' attorney receiving $3,000.00 in fees. Doc. 40. The parties now jointly seek this Court's approval of the proposed settlement agreement. *Id.*

**II.   DISCUSSION**

Claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when a district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Further, the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. 209) (citation omitted). It therefore follows that if a proposed settlement involves no compromise, the district court should approve the proposed settlement, but if the parties' proposed resolution requires the plaintiff to compromise an FLSA right, the district court must scrutinize the compromise for fairness. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010).

Here, the Court cannot approve the proposed settlement on the grounds set forth in the motion currently before it. To begin with, the proposed settlement constitutes a clear compromise of the Plaintiffs' claims. Indeed, in their answers to the Court's interrogatories, Norris sought $30,718.35, Doc. 18 at 3, and Morton sought $51,197.25, Doc. 19 at 3. The proposed settlement, however, provides only $2,500.00 to each of the plaintiffs. Doc. 40 at 3. In light of this significant compromise, the Court must carefully scrutinize the settlement agreement for fairness.

In evaluating the fairness of a proposed settlement agreement, a court considers such factors as, *inter alia*, the existence of fraud or collusion; the complexity, expense, and likely duration of the litigation; the stage of the proceedings and the amount of discovery completed; the probability of the plaintiff's success on the merits; the range of possible recovery; and the opinions of counsel. *See Hydradry*, 706 F. Supp. 2d at 1241. The parties' joint motion, however, fails to address the majority of these factors. As far as the Court can tell, the only reasons the parties offer

in support of the fairness of the proposed settlement are that "Defendants deny that Plaintiffs are entitled to recover any damages in this matter and do not admit liability as to any claims asserted by Plaintiffs"; that the proposed agreement is a purportedly "fair, equitable and reasonable compromise of Plaintiffs' disputed FLSA claims"; and that "there was no undue influence, overreaching, collusion, or intimidation in the negotiation and execution of the Settlement Agreement." Doc. 40 at 1-2. These conclusory assertions are plainly insufficient for the Court to ascertain whether the Plaintiffs' compromise is fair.

On the basis of the parties' submission, the Court finds that the proposed settlement is facially unreasonable. Indeed, it would require each of the Plaintiffs to surrender over 90% of the damages that they had originally sought, while the parties have failed to provide any explanation for this wide discrepancy beyond conclusory assertions that this compromise is purportedly "fair, equitable, and reasonable." The Court reminds the parties that "*Lynn's Food* requires more than a 'rubber stamp' of an FLSA compromise; the district court must assure the 'fairness' of the proposed compromise." *Moreno v. Regions Bank,* 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). Therefore, although settlement is a preferred method of resolving disputes, the parties must set forth grounds adequate for the Court to engage in a meaningful review of the proposed settlement. Accordingly, it is hereby **ORDERED**:

1. The Parties' Joint Motion to Approve FLSA Settlement and Dismiss Matter with Prejudice (Doc. 40) is **DENIED without prejudice**.
2. Should the parties again seek this Court's approval of a proposed settlement, any such motion shall set forth grounds adequate for the Court to engage in a meaningful review of the proposed settlement agreement.

**DONE AND ORDERED** in Tampa, Florida on November 4, 2014.

/s/ Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any